UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>vs. )<br>)<br>JERMAINE JOHNSON )<br>    also known as "GOO" | No.   17 CR 354<br><br>Judge Harry D. Leinenweber |

**GOVERNMENT'S SENTENCING RECOMMENDATION**

For the reasons that follow, the government believes a sentence of 84 months' imprisonment is sufficient, but not greater than necessary, to achieve the goals of sentencing.

**I.   Guidelines Calculation**

The government previously filed a sentencing memorandum setting forth its calculation of the Guidelines. *See* Dkt. 137. Based on the government's calculation, defendant's Guideline range is 84 to 105 months' imprisonment.

**II.   Sentencing Factors**

    A.   <u>Nature and Circumstances of the Offense</u>

Defendant's scheme consisted of defendant paying money to a postal carrier, Anniece Cunningham, in exchange for Cunningham stealing U.S. Treasury checks from the mail for defendant. The checks would then be altered to have an increased dollar amount and made payable to straw bank accountholders who were co-scheming with defendant. Defendant would then deposit the checks at a bank (or cause them

1

to be deposited by the straw bank accountholders) and then withdraw the fraudulently inflated funds from the bank account thereby causing a loss to the bank. The government expects Cunningham to testify that she gave defendant approximately 700 stolen checks between October 2015 and May 2017. As part of the investigation into defendant, on May 5, 2017, at the direction of investigators, Cunningham—while wearing recording devices—met defendant at a store in Chicago and sold defendant approximately 25 U.S. Treasury checks provided to Cunningham by investigators. On a subsequent day, at the direction of investigators, Cunningham met with defendant and defendant gave Cunningham cash as payment for the checks from the May 5, 2017, controlled sale. Of these 25 checks that defendant bought in the controlled sale, at least 20 were deposited at banks in an altered state.

B.  History and Characteristics of Defendant

Defendant has numerous prior convictions and is therefore a criminal history category IV. In relation to a number of those past convictions, defendant failed to comply with conditions of parole and was compelled to return to custody. ¶¶ 36, 37, 39, 44. While on pretrial release in this case, defendant has had approximately 10 violation reports filed.

In addition, in connection with a motion to revoke bond, the government previously provided information to the court that defendant was involved in additional check-fraud crime while on bond in this case. *See* Dkt. 91 & 92. Although the court declined to revoke defendant's bond, the court did tighten defendant's

conditions of release as a result, placing him on home detention. Dkt. 99.

    C.    <u>Seriousness of the Offense</u>

Defendant's offense was a serious one. First, defendant corrupted a public institution—the postal service—by bribing an employee to steal hundreds of Treasury checks for defendant's benefit. Second, defendant harmed the intended beneficiaries of those checks, such as individuals collecting SSI and Social Security retirement payments. Although those individuals may not have experienced a financial loss from defendant's conduct, they were delayed in receiving their benefits. Finally, defendant caused a financial loss to the banks where the fraudulently washed checks were deposited and drawn against.

**III.    Supervised Release**

The government agrees with the term (3 years) and conditions of supervised release recommended by probation.

In order to afford adequate deterrence to criminal conduct, protect the public, and assist in defendant's rehabilitation, the government recommends mandatory conditions 1, 2, 5, and 6. In order to facilitate supervision by the probation officer, thus assisting in encouraging the defendant's compliance with the law and deterring the defendant from future crimes, the government recommends discretionary conditions 4, 6, 7, 8, 9, 14, 15, 16, 17, and 18, and special condition 11. In order to support the defendant's rehabilitation and reintegration into the community, help ensure that the defendant is engaged in lawful pursuits, and ensure defendant pays

any restitution, the government recommends discretionary conditions 1, and special conditions 2, 3, 4, 5, 6, 7, 8, 10 and 13.

Dated: November 3, 2022          Respectfully submitted,

                                           JOHN R. LAUSCH, Jr.
                                           United States Attorney

By:    */s/ Andrew C. Erskine*
        ANDREW C. ERSKINE
        Assistant U.S. Attorney
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60604
        (312) 353-1875